**UNITED STATES of America**

v.

**R. Budd DWYER.**

**Crim. No. 86–00088–01.**

United States District Court, M.D. Pennsylvania.

Nov. 17, 1986.

James J. West, Acting U.S. Atty., Harrisburg, Pa., for U.S. of America.

Paul J. Killian, & Joseph U. Metz, Harrisburg, Pa., for defendant Asher.

### ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant R. Budd Dwyer filed a motion for production of *Brady* material concerning the statements of William T. Smith and a supporting brief on October 30, 1986. A responsive brief was filed November 5, 1986 and a reply brief was filed November 10, 1986 at which time this motion became ripe for our consideration. Because defense counsel claimed that he needed a ruling on the motion before making his opening statement, we ruled on the motion orally from the bench on November 12, 1986. This order was dictated prior thereto but could not be processed prior to the opening statement. The following sets forth the reasons for the denial of the motion.

The motion requests that we order the Government to provide Dwyer with any written or oral statements or utterances made to Government representatives by Smith which are contrary to the sworn testimony of. John Torquato, Jr., or any other witness at the trial of *United States v. Smith & Stoneman, M.D.* Pa.Crim. Nos. 84–000156–04 & 05. Dwyer bases his request on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Dwyer argues that the requested information is exculpatory and must be turned over under Brady. We disagree.

The issues presented are (1) whether the statements of witness "X" which may contradict the sworn statements of "Y" witness or any other witness are exculpatory per se as to a Defendant because the statements of "X" witness may be useful to the Defendant in his impeachment of "Y" witness and (2) if such statements are indeed exculpatory *Brady* material whether they must be turned over before trial commences.

The *Brady* rule is based on the due process clause. Its purpose is merely to insure that a miscarriage of justice does not occur. The prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the Defendant that, if suppressed, would deprive the Defendant of a fair trial. *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *see also United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The case of *United States v. Smith & Stoneman,* M.D. Pa.Crim. Nos. 84–000156–04 & 05 lasted for 52 trial days, including jury drawing of 5 days. The trial testimony comprises 40 volumes.

First, to require the Government to review the entire trial of Smith and Stoneman to determine whether any of Smith's 35–page statement contradicts anything stated at the prior trial is well beyond the ambit of *Brady* and its progeny. Second, we have made an in camera review of

the statement made by Smith. It does not appear to us to be impeachment material. Third, it is probable that Dwyer is requesting the statements of Smith so that he can attempt to impeach Torquato. Although it has been held that impeachment evidence is under the purview of *Brady,* none of the authorities cited to us by Dwyer support the proposition that the statements of one individual must be turned over as *Brady* material insofar as they may be used to impeach the credibility of another witness. Indeed, all the authorities cited to us by Dwyer arise out of factual situations quite unlike those here. Each of the cases discusses a situation wherein the Government did not disclose the requested material to the Defendant *at all* even when the witness testified. Additionally in those cases the information the Government suppressed related to a specific act of a witness which the Defendant could have used to impeach that witness. *See e.g. United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (Government did not disclose a contract it had for remuneration with witnesses who testified where said information might be used to show bias). *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)` (criminal record of a murder victim not disclosed in trial of Defendant where the criminal record may have bolstered Defendant's argument that the killing was committed in self defense); *Government of the Virgin Islands v. Martinez,* 780 F.2d 302 (3d Cir.1985) (prosecution did not disclose the Defendant's confession which the Defendant claimed contained exculpatory evidence); *United States v. Pflaumer,* 774 F.2d 1224 (3d Cir.1985) *cert. denied,* —— U.S. ——, 106 S.Ct. 1263, 89 L.Ed.2d 572 (1986), modifying *United States v. Oxman,* 740 F.2d 1298 (3d Cir.1984), vacated and remanded, —— U.S. ——, 105 S.Ct. 3550, 87 L.Ed.2d 673 (Government withheld information regarding an immunity grant given to a witness). The facts in each of these cases are greatly different than the facts before us. Last, assuming *arguendo* that the information does fall under the purview of Brady and its progeny, counsel cite to us only *United States v. Xheka,* 704 F.2d 974 (7th Cir.1983) for the proposition that under *Brady* the requested information must be turned over before trial commences. Our reading of *Xheka* does not support Dwyer's position. Although the Court in *Xheka* notes with approval its opinion in *United States v. McPartlin,* 595 F.2d 1321 (7th Cir.1979), *cert. denied,* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 wherein it stated that "[t]he appropriate standard to be applied in reviewing a case wherein *Brady* material was turned over during trial is whether the disclosure came so late as to prevent the Defendant from receiving a fair trial." *McPartlin,* 595 F.2d at 1346 cited at *Xheka,* 704 F.2d at 981. The Court in *Xheka* also states that " .... Defendants claim that *Brady* required disclosure of this information before trial. We rejected (in *McPartlin* ) this argument." *Id.* at 981. The authority presented to us by Dwyer does not stand for the proposition that the information requested must be delivered prior to the commencement of trial. Indeed, the turning over of this information, in our view, is not covered by *Brady* but rather by the Jencks Act, 18 U.S.C. § 3500.

If Smith is to testify, then the information requested by Dwyer will be furnished at the time required by the Jencks Act and the prior orders of this Court, at least by the day before the start of Smith's testimony.

### NOW, THEREFORE, IT IS ORDERED THAT:

1. Defendant Dwyer's motion for reduction of Brady materials concerning the statements of William T. Smith filed October 30, 1986 is denied.

2. The Clerk of Court shall return the documents submitted for in camera inspection to United States Attorney James J. West.